# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| DAVE SHELDON AND DARREN KEARNS, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) CIVIL ACTION ) ) Case No. 10-2412-CM |
| TARA KHANAL, et al., | ) ) |
| Defendants. | ) ) |

## MEMORANDUM AND ORDER

This removal action is before the court on plaintiffs' Motion to Remand and for Sanctions with Memorandum (Doc. 4). Plaintiffs claim that defendants improperly removed this case to federal court for several reasons: (1) all defendants did not join in the removal and defendant Abu B. Athar—who did not consent to the removal—is not a nominal defendant; (2) the summons were not included in the papers filed from state court; and (3) this court lacks jurisdiction over the case because the Eastern District of New York (who decided a previous case involving these parties) held that it lacked "subject matter jurisdiction over the Melo defendants." (Pl. Mot. to Remand, Doc. 4, at 1.) Plaintiffs also ask the court to sanction defendants for removing this case from state court.

Plaintiffs' motion fails. First, all defendants were not required to consent to the removal. Regardless of whether defendant Athar is deceased or a nominal defendant, he had not been served at the time of removal. Only served defendants are required to consent to a removal. *Harlow Aircraft Mfg., Inc. v. Dayton Mach. Tool Co.*, No. 04-1377-JTM, 2005 WL 1153600, at *2 (D. Kan. May 16, 2005) ("[A] defendant who has not been served need not join in or consent to removal."). Remand is not appropriate because defendant Athar failed to join in or consent to the removal.

Second, the court has reviewed the documents filed before the 30-day period for removal

expired, and they include the summonses that plaintiffs allege are missing. Remand is not appropriate for failure to file all necessary state court documents.

Finally, plaintiffs misrepresent the holding of the New York federal court. The court did not hold that it lacked subject matter jurisdiction over the Melo defendants. Rather, it determined that it lacked subject matter jurisdiction over one claim. The court then dismissed that particular claim against all other defendants on its merits. Plaintiffs do not present a valid reason for remanding this case to state court.

Because the court finds no merit in plaintiffs' contentions, sanctions are also not warranted.

**IT IS THEREFORE ORDERED** that plaintiffs' Motion to Remand and for Sanctions with Memorandum (Doc. 4) is denied.

Dated this 3rd day of September 2010, at Kansas City, Kansas.

    **s/ Carlos Murguia**
    **CARLOS MURGUIA**
    **United States District Judge**