# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

DAVE SHELDON AND )
DARREN KEARNS, )
)
    Plaintiffs, )
) CIVIL ACTION
v. )
) Case No. 10-2412-CM
TARA KHANAL, et al., )
)
    Defendants. )
)

## MEMORANDUM AND ORDER

This removal action is before the court on the Motion to Set Aside Clerk's Entry of Default (Doc. 31) filed by the following defendants: (1) David J. Melo; (2) David J. Melo, Esq.; (3) Tara Khanal; (4) Sweeney, Gallo, Reich & Bolz, LLP; and (5) Rosemarie Klie. On August 13, 2010, the Clerk of the Court entered default against these defendants (along with defendants Shams Uddin and Julie S.C. Wong) because the time to answer the petition had run and defendants had not yet answered.

The court may set aside an entry of default for "good cause." Fed. R. Civ. P. 55(c). In deciding whether to set aside an entry of default, the court considers the following factors, although they are not exclusive: "(1) whether the default resulted from culpable conduct by defendant, (2) whether plaintiff would be prejudiced if the default should be set aside, and (3) whether defendant has presented a meritorious defense." *Fink v. Swisshelm*, 182 F.R.D. 630, 632 (D. Kan. 1998) (citations omitted). The standard for setting aside an entry of default under Rule 55(c) is fairly liberal because "'[t]he preferred disposition of any case is upon its merits and not by default judgment.'" *Clelland v. Glines*, 2003 WL 21105084, at *3 (D. Kan. Apr. 11, 2003) (quoting *Gomes v. Williams*, 420 F.2d 1364, 1366 (10th Cir. 1970)).

The court determines that defendants have shown good cause for setting aside the entry of default. Under the unique circumstances and lengthy history of this case and its predecessors, it is reasonable that defendants were confused about the proper course of action. The court finds no bad faith or culpable conduct, and defendants moved to set aside the entry of default only four days after its entry. The court finds that plaintiffs will not suffer prejudice by setting aside the entry of default. It also appears that defendants may have meritorious defenses to plaintiff's claims. For all of these reasons, the court finds that the clerk's entry of default should be set aside.

**IT IS THEREFORE ORDERED** that the Motion to Set Aside Clerk's Entry of Default (Doc. 31) filed by the following defendants: (1) David J. Melo; (2) David J. Melo, Esq.; (3) Tara Khanal; (4) Sweeney, Gallo, Reich & Bolz, LLP; and (5) Rosemarie Klie is granted.

Dated this 3rd day of September 2010, at Kansas City, Kansas.

            **s/ Carlos Murguia**
            **CARLOS MURGUIA**
            **United States District Judge**