# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| DAVE SHELDON AND DARREN KEARNS, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) CIVIL ACTION ) ) Case No. 10-2412-CM |
| TARA KHANAL, et al., | ) ) |
| Defendants. | ) ) |

## MEMORANDUM AND ORDER

Plaintiffs bring this action against a number of defendants who allegedly participated in a real estate conspiracy that resulted in plaintiffs selling their property for less money than they otherwise could have received for it. The action is before the court on Defendant Sand Canyon Corporation f/k/a Option One Mortgage Corporation's Motion to Dismiss (Doc. 6). Defendant asks the court to dismiss this case on two alternative bases: (1) the doctrine of res judicata bars the action, as the action is a near exact duplicate of another action dismissed by the Eastern District of New York, now on appeal; and (2) all of plaintiffs' claims are barred by the applicable statute of limitations.

The doctrine of res judicata is based on the principle that final earlier judgments must be advanced and adhered to by subsequent courts. *Augustine v. Adams*, 88 F. Supp. 2d 1166, 1170 (D. Kan. 2000). Under res judicata, commonly referred to as claim preclusion, a final judgment on the merits precludes the parties or their privies from relitigating any claims that were or could have been raised in that action. *See Allen v. McCurry*, 449 U.S. 90, 94 (1980). For the doctrine to apply, the following three conditions must be satisfied: (1) the prior action must have resulted in a final judgment on the merits; (2) identical parties or parties in privity must be involved; and (3) the cases

must be based on the same cause of action. *See Yapp v. Excel Corp.*, 186 F.3d 1222, 1226 (10th Cir. 1999) (citation omitted). Courts also apply a fourth requirement or exception: In the prior lawsuit, the plaintiff must have had a full and fair opportunity to litigate the claim(s). *See Nwosun v. Gen. Mills Rests., Inc.*, 124 F.3d 1255, 1257 (10th Cir. 1997) (treating full and fair opportunity as a requirement); *Yapp*, 186 F.3d at 1226 (treating full and fair opportunity as an exception).

As for the first condition, the Eastern District of New York entered a final judgment on the merits on all claims against defendant Sand Canyon Corporation f/k/a Option One Mortgage Corporation. The court dismissed all claims against this defendant for failure to state a claim. Dismissal for failure to state a claim is a decision on the merits. *State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 518 n.8 (10th Cir. 1994) (citation omitted). The fact that the case is now on appeal is of no consequence. *See Phelps v. Hamilton*, 122 F.3d 1309, 1318 (10th Cir. 1997).

The second condition is easily met; plaintiffs filed this suit against eleven of the thirteen defendants in the New York case. Defendant Sand Canyon Corporation f/k/a Option One Mortgage Corporation is a defendant in both cases.

As for the third condition, this suit is based on the same causes of action as the New York suit. More than that, this suit is virtually identical, other than the fact that it includes a few more factual details and omits two defendants. The New York court considered—and rejected—all fourteen claims included in this case.

The court also considers whether plaintiffs had a full and fair opportunity to litigate their claims in New York federal court. Plaintiffs allege that they did not because they never received discovery. But plaintiffs are not automatically entitled to discovery. They received a full and fair opportunity to litigate their claims, and they are now continuing that pursuit on appeal.

This case is precisely the type of case that the doctrine of res judicata was intended to prevent. Plaintiffs lost in New York. They appealed that decision. Then, while the case was (and still is) on appeal, they filed a case in Kansas that essentially duplicates the case on appeal in New York. The arguments they offer here are more arguments they should present to the Second Circuit—not another court.

Because the court dismisses the case based on the doctrine of res judicata, it need not reach defendant's statute of limitations arguments.

Although the other defendants to this case have not joined in this motion, the court determines in the interest of justice that the ruling applies equally to them. *See Arizona v. California*, 530 U.S. 392, 412 (2000) (noting that in certain circumstances, it may be appropriate for a court to raise res judicata sua sponte to avoid unnecessary judicial waste). This includes two defendants who are presently in default—Shams Uddin and Julie S.C. Wong. The court finds that in light of the status of this case and the New York case on appeal, good cause exists to set aside default against these defendants and enter judgment in their favor. *See U.S. ex rel. Dattola v. Nat'l Treas. Emp. Union*, 86 F.R.D. 496, 500 n.11 (D.C. Pa. 1980) (holding that dismissal of other claims was sufficient cause for the court to sua sponte set aside entries of default under Rule 55(c) and dismiss the complaint against the defaulted defendants, as well); *see also Feliz v. Kintock Group*, 297 F. App'x 131, 137–38 (3d Cir. 2008) (noting that a district court can sua sponte set aside an entry of default); *Judson Atkinson Candies, Inc. v. Latini-Hohberger Dhimantec*, 529 F.3d 371, 386 (7th Cir. 2008) (observing that Rule 55(c) does not require a motion); *Anheuser Busch, Inc. v. Philpot*, 317 F.3d 1264, 1267 (11th Cir. 2003) (rejecting argument that the district court erred by sua sponte setting aside a default judgment that was not final). If the court were to leave the case against these defendants pending, it would result in duplicate litigation and potentially inconsistent

outcomes. Plaintiffs have an identical case pending against these defendants that is now before the Second Circuit. Under these circumstances, it would constitute a waste of judicial resources and subvert justice to leave these two defendants in default in a case where all other claims have been dismissed. Good cause exists to set aside default and dismiss the complaint against these two defendants on the basis of res judicata.

The court notes that the Eastern District of New York did not dismiss two claims on their merits—the breach of contract claims against David Melo and the law firm of David J. Melo, Esq. (the "Melo defendants"). Rather, the court dismissed these claims for lack of subject matter jurisdiction. But although the court did not specifically dismiss these claims for failure to state a claim, it also stated, "Plaintiffs have failed to allege that there was a formation of a contract with any of the defendants with the exception of the Wong defendants and Khanal. . . ." (Doc. 7-4, at 22.)

In any event, even if the New York court did not issue a decision on the merits on the breach of contract claim against the Melo defendants, dismissal is still appropriate here. The New York's decision that it lacked subject matter jurisdiction over the claim is now on appeal. A case is therefore already pending involving the claim. This court ordinarily applies the "first-to-file" rule in similar situations. *See Lipari v. U.S. Bancorp NA*, 345 F. App'x 315, 317 (10th Cir. 2009) (noting that the "first-to-file" rule applies when two district courts have jurisdiction over cases involving the same controversy). While this case involves a district court and an appellate court—not two district courts—the court finds that the same rationale is applicable. *See Burger v. Am. Maritime Officers Union*, Nos. 97-31099, 97-31100, 97-31158, 97-31291, 1999 WL 46962, at * 1 (5th Cir. Jan. 27, 1999) ("Although this circuit has thus far only applied the first-to-file rule when similar actions are pending in two federal district courts and where similar actions are pending in the same federal district, the same policy concerns for avoiding duplicative litigation and comity exist when a similar

-4-

matter is pending in a federal district court and a federal court of appeals in a different circuit.") (citing *Nat'l Family Planning & Reprod. Health Ass'n v. Sullivan*, No. 92-2177, 1992 WL 345629, at *2–3 (D.D.C. Oct. 5, 1992)) (internal citation omitted). It would be inappropriate for this court to hear plaintiffs' breach of contract claim against the Melo defendants when that same claim is pending before the Second Circuit. The Second Circuit may determine that the district court ruled in error on the claim, and then it would be sent back to the Eastern District of New York for determination, while also pending here. Principles of comity and the goal of sound judicial administration counsel that this court should dismiss the breach of contract claim against the Melo defendants without prejudice. The court does so.

Defendant asks for its costs and fees in bringing this motion. Defendant makes the same request, however, in Defendant Sand Canyon Corporation f/k/a Option One Mortgage Corporation's Motion for Sanctions (Doc. 33). The court will take up this issue when it rules on defendant's motion for sanctions. The request is presently denied without prejudice as moot.

**IT IS THEREFORE ORDERED** that Defendant Sand Canyon Corporation f/k/a Option One Mortgage Corporation's Motion to Dismiss (Doc. 6) is granted.

**IT IS FURTHER ORDERED** that this action is dismissed. The court retains jurisdiction over the case for the limited purpose of deciding the pending motion for sanctions. All other pending motions are denied as moot.

Dated this 3rd day of September 2010, at Kansas City, Kansas.

<u>s/ Carlos Murguia</u>
**CARLOS MURGUIA**
**United States District Judge**