# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

DAVE SHELDON AND )
DARREN KEARNS, )
)
      Plaintiffs, )
) CIVIL ACTION
v. )
) Case No. 10-2412-CM
TARA KHANAL, et al., )
)
      Defendants. )
)

## MEMORANDUM AND ORDER

Plaintiffs bring this action against a number of defendants who allegedly participated in a real estate conspiracy that resulted in plaintiffs selling their property for less than they otherwise could have received for the property. The court has entered an order dismissing the case. The action is now before the court on Defendant Sand Canyon Corporation f/k/a Option One Mortgage Corporation's Motion for Sanctions (Doc. 33).

Defendant argues that sanctions are warranted pursuant to (1) Federal Rule of Civil Procedure 11; (2) 28 U.S.C. § 1927; and/or (3) the court's inherent power to sanction, in light of plaintiffs' decision to file repeat litigation with no regard for res judicata, needlessly imposing costs on defendant and the court. This court has ruled that this case should be dismissed, largely based on the doctrine of res judicata. At the time plaintiffs filed this case, they had (and still have) a nearly identical case pending in front of the Second Circuit.

Federal Rule of Civil Procedure 11(b) states that by filing a pleading, an attorney certifies that the information contained in the document:

> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
> (2) the claims, defenses, and other legal contentions are warranted by existing law or

by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
(3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
(4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Violation of these requirements will result in the court imposing sanctions. Fed. R. Civ. P. 11(c); *see Griffen v. City of Okla. City*, 3 F.3d 336, 342 (10th Cir. 1993) ("Rule 11 requires the district court to impose sanctions if a document is signed in violation of the Rule."). The standard for Rule 11 sanctions is an objective one. *See White v. Gen. Motors Corp.*, 908 F.2d 675, 680 (10th Cir. 1990) ("A good faith belief in the merit of an argument is not sufficient; the attorney's belief must also be in accord with what a reasonable, competent attorney would believe under the circumstances."). Likewise, subjective bad faith is not required to trigger Rule 11 sanctions. *Burkhart ex rel. Meeks v. Kinsley Bank*, 804 F.2d 588, 589 (10th Cir. 1986). The primary purpose of sanctions is deterrence of misconduct, not compensation for the costs associated with defending a frivolous lawsuit. *White*, 908 F.2d at 684.

Section 1927 provides that "[a]ny attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927. Sanctions may be imposed under § 1927 "for conduct that, viewed objectively, manifests either intentional or reckless disregard of the attorney's duties to the court." *Braley v. Campbell*, 832 F.2d 1504, 1512 (10th Cir. 1987). Like Rule 11, the court must apply an objective standard, and subjective bad faith is not a necessary showing for application of § 1927 sanctions. The court should only impose sanctions "'in instances evidencing a serious and standard disregard for the orderly

process of justice'" and the court must be aware of the "need to ensure that the statute does not dampen attorneys' zealous representation of their clients' interests. . . ." *Ford Audio Video Sys., Inc. v. AMX Corp., Inc.*, Nos. 97-6169, 97-6171, 1998 WL 658386, at *3 (10th Cir. Sept. 15, 1998) (quoting *Dreiling v. Peugeot Motors of Am., Inc.*, 768 F.2d 1159, 1165 (10th Cir. 1985) (internal quotations omitted)). Unlike Rule 11 sanctions, § 1927 sanctions are intended to compensate those who have been wronged as a result of abusive litigation practices. *Hamilton v. Boise Cascade Exp.*, 519 F.3d 1197, 1205 (10th Cir. 2008).

Finally, the court has the inherent authority to issue sanctions. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 50 (1991) (noting that "if in the informed discretion of the court, neither the statute nor the Rules are up to the task, the court may safely rely on its inherent power" to impose sanctions). This court may apply this power when there is bad-faith conduct that cannot otherwise be adequately sanctioned. *Id.*

The court notes that, pursuant to Rule 11(c)(1)(A), defendant gave plaintiffs at least twenty-one days' notice before filing its motion for sanctions. "The basic requirements of due process with respect to the assessment of costs, expenses, or attorney's fees are notice that such sanctions are being considered by the court and a subsequent opportunity to respond." *Braley*, 832 F.2d at 1514. Plaintiffs responded to defendant's motion by arguing that res judicata does not bar plaintiffs' claims. Plaintiffs also made a number of other arguments that have little if any bearing on whether the court should sanction plaintiffs' counsel in this case.

The court determines that, at this time, sanctions are not appropriate under any of the three standards outlined above. This was a close decision for the court. Worth noting, the court could also in this matter have found that sanctions were warranted. Counsel's act in filing a case that, in the court's eyes, is fairly clearly barred by the doctrine of res judicata, borders on objectively

-3-

unreasonable. The only factor that tips in counsel's favor is the fact that an intervening event occurred before counsel filed this case—the related New York state court decision was reversed. Arguably, this decision gave counsel reason to believe that it might be appropriate to file another action based on the same set of events. The New York federal court dismissed all claims under Rule 12(b)(1) or 12(b)(6), but also issued alternative rulings that some claims were barred by the doctrine of res judicata and collateral estoppel based on the now-reversed state court ruling. None of these claims, however, were against defendant Sand Canyon Corporation f/k/a Option One Mortgage Corporation.

Counsel's decision to bring this suit was in error. It does not appear, however, to be in bad faith. Counsel attempted to rectify perceived inadequacies in his previously-filed complaint. And the court does not believe that counsel filed the suit in an effort to harass defendants or needlessly increase the cost of litigation. This is the first time that this court is aware of counsel filing precisely the same case while a prior case is still pending or on appeal.

The court notes that Judge Matsumoto of the Eastern District of New York warned counsel that he was failing to understand Rule 11: "Mr. Kearns, you are not understanding Rule 11, which requires that any factual contention have evidentiary support or some good faith basis that you've done some investigation to support your allegation." (Doc. 259, Ex. 3, at 31.) But while Judge Matsumoto warned counsel to heed Rule 11, it was not in the current context. If counsel borders on violating Rule 11 in this case, it is because he filed a duplicative action arguably not warranted under existing law. The court has not considered here whether he has evidentiary support or a good faith basis for his factual contentions.

The court has also reviewed the case that counsel filed in the Western District of Missouri, *Kearns v. Gregory*, Case No. 08-0519. The claims in that case appear to be very similar to those in

this case. Judge Sachs dismissed the case, finding that it was not properly in federal court.

Neither Judge Matsumoto's warning nor Judge Sach's dismissal of a similar case justify imposing sanctions in this case. While the cases involved the same attorney and the same or similar claims, they do not (yet) establish an abusive litigation pattern.

On the other hand, it merits noting that plaintiffs' response, in and of itself, comes close to warranting sanctions. In the response brief, counsel made a number of statements that do not reflect well as a member of the bar. First, he twice stated that the New York federal court "essentially worked as a defense attorney for Option during the hearing. . . ." (Doc. 35, at 14, 25.) Second, he stated, "Kearns did not cave in to the aggressive mediator and therefore [Judge Sachs] quickly issued his order and made his statements because of his anger based upon a lie." (*Id.* at 24.) Third, he claimed that "all defendants proffered [Khanal's judgment in the state court case] as their main defense [in the New York federal case]. . . ." This statement is misleading and inaccurate, as defendant Sand Canyon did not move for dismissal of the New York federal case on the basis of res judicata and the state court judgment. Fourth, counsel repeatedly referred to a prior ruling issued by Judge Vratil of this court in a manner that was either intentionally misleading or demonstrated a fundamental lack of understanding of the impact of her ruling. And fifth, counsel repeatedly referred to a paragraph taken from the New York state court opinion, citing it as follows: "As a matter of law on June 8, 2010 the Appellate Division Second Judicial Department by unanimous decision and order by four judges states: '. . . *Sheldon established a . . . meritorious defense* by proffering evidence . . . that the plaintiff [Khanal] failed to comply with the mortgage contingency clause. . . .'" The problem with counsel's quotation is the fact that it leaves out a key word: the word "potentially." The New York state appellate court stated that Sheldon "established a *potentially* meritorious defense." (Doc. 35, Ex. 4, at 3 (emphasis added).) Counsel's repeated

-5-

omission of the word "potentially" suggests an intent to mislead this court about the significance of the New York appellate court's ruling.

The court has considered ordering counsel to show cause why the above-statements do not independently warrant the issuance of sanctions. The court does not believe it would be appropriate to sanction counsel without additional notice, as defendant's motion only sought sanctions for counsel's actions in filing this case. After much consideration, the court has decided to advise counsel that the above-identified statements are not well-taken and ill-advised. The court is not in a position at this time to evaluate whether the statements are made as a result of misunderstandings or with intent to mislead. The court will give counsel the benefit of the doubt. Counsel is advised, however, that further statements of this nature may be found to constitute sanctionable conduct. Counsel is expected to advocate for his client within guidelines of professional conduct. Counsel is not expected to advance only arguments that he knows he can win. To the contrary, counsel should advance his best arguments on behalf of his client, as long as they are objectively reasonable and founded in good faith. But counsel is expected to fully comply with Rule 11, represent his client with zealous advocacy without misrepresenting facts or law, and speak and write with respect for the judicial process. On the record before it, the court cannot find that counsel has crossed the boundaries of zealous advocacy, but counsel is close, and is hereby put on notice that future conduct, filings, and behavior of this nature will be monitored by the court and, if shown, will be swiftly sanctioned.

This court has previously sanctioned parties where warranted. *See, e.g., Scherer v. Washington Univ.*, No. 05-2288-CM, 2007 WL 4322789, at *3–5 (D. Kan. Dec. 7, 2007) (dismissing case as a sanction after finding that "[i]t appears plaintiff is more interested in fighting and delaying the judicial process than advancing his claims," that plaintiff repeatedly misstated resolved legal

issues, that plaintiff "insulted every level of the federal judiciary, and that plaintiff was culpable for his behavior); *see also Zhu v. St. Francis Health Ctr.*, 413 F. Supp. 2d 1232, 1242–43 (D. Kan. 2006) (imposing sanctions, noting that plaintiff had filed five cases, which appeared to be "manifestly abusive, overreaching and straining on court resources (Judge Vratil)). *But see Med. Supply Chain, Inc. v. Gen. Elec. Co.*, 144 F. App'x 708, 715–16 (10th Cir. 2005) (finding that this court should have sanctioned a party for bringing frivolous claims against one who had no personal connection to the plaintiff's injury or even was aware that plaintiff existed). The facts of this case do not rise to the level of those that the court has previously sanctioned. If the court were to sanction counsel here, the purpose would be to compensate defendants for their trouble in defending this suit for a second time. That is not the proper purpose of Rule 11 sanctions, *White*, 908 F.2d at 684, and the court does not believe that sanctions under § 1927 are appropriate under the circumstances of this case. The court trusts that counsel will bear in mind the standards of Rule 11 in all future filings, and does not need to be deterred by monetary sanctions at this time.

**IT IS THEREFORE ORDERED** that Defendant Sand Canyon Corporation f/k/a Option One Mortgage Corporation's Motion for Sanctions (Doc. 33) is denied.

Dated this 24th day of September 2010, at Kansas City, Kansas.

> **s/ Carlos Murguia**
> **CARLOS MURGUIA**
> **United States District Judge**