IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

DAVE SHELDON AND )
DARREN K. KEARNS, )
   Plaintiffs, )
v. )
             Case No. 10-2412-CM
TARA KHANAL, et al., )
   Defendants. )

## MEMORANDUM AND ORDER

This closed case is before the court on plaintiffs' Motion for Attorney Fees and Costs Pursuant to 28 U.S.C. § 1447(c) (Doc. 53). Plaintiffs' request comes after the Tenth Circuit entered an order directing this court to remand one of the plaintiffs' claims to Kansas state court, but affirming the court's dismissal of plaintiffs' other claims. Plaintiffs argue that defendants improperly removed the suit to federal court, thereby entitling them to fees and costs. For the following reasons, the court denies plaintiffs' motion.

**I. Factual Background**

Plaintiffs Dave Sheldon and Darren K. Kearns filed this action against defendants Tara Khanal; Abu B. Athar; David J. Melo, Esq., individually and as a firm; Network Mortgage, Inc.; Shams Uddin; Winzone Realty, Inc.; Julie S.C. Wong; Sweeney, Gallo, Reich & Bolz, LLP; Rosemarie A. Klie; Sand Canyon Corporation; and Option One Mortgage Corporation, in June 2010, in the District Court of Johnson County, Kansas, alleging fourteen claims for relief based on the aborted sale of a house. Defendant Option One Mortgage removed the case to federal court in July 2010 based on diversity jurisdiction. All of the defendants except Abu Athar either joined in or consented to the removal.

Plaintiffs filed a motion to remand on July 27, 2010, arguing that removal was improper and procedurally defective because defendant Athar had not joined in or consented to it. On the same day, Option One Mortgage filed a motion to dismiss, asserting that res judicata and the statute of limitation barred plaintiffs' claims. Plaintiffs moved to amend their complaint on August 13, 2010, seeking to add parties. This court denied plaintiffs' motions to remand and amend; granted Option One Mortgage's motion to dismiss on the basis of res judicata; and sua sponte dismissed plaintiffs' claims against all other defendants.

Plaintiffs appealed. In nearly all respects, the Tenth Circuit affirmed the decision. The lone exception was a contract claim against Khanal. The appellate court reversed and remanded this one claim to the district court with instructions to modify the judgment and to remand the claim to the Kansas State Court.

At issue now is plaintiffs' motion for attorney fees and costs, filed on December 5, 2012—two weeks after the Tenth Circuit's order and judgment.

## II. Legal Standard

Under 28 U.S.C. § 1447(c), "an order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." When a party asks the court for attorney fees and costs, it bears the burden of establishing entitlement to such an award. *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). District courts may award fees if the removing party lacked an objectively reasonable basis for seeking removal. *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). If an objectively reasonable basis for removal exists, the court should deny the request for fees. *Id.* The court may exercise broad discretion when determining whether fees are warranted based on the propriety of the removal. *High Plains Publishers, Inc. v.*

*Lando Partners, Inc.*, No. 12-1302-KHV, 2012 WL 5995565, at *4 (D. Kan. Nov. 30, 2012) (citation omitted).

**III.    Discussion**

Plaintiffs argue that the court should grant them attorney fees and costs for this action because defendants removed the case only to delay the proceedings and to hide defendant Khanal's fraudulent activity. The court finds that the removal was objectively reasonable for three reasons, and therefore denies plaintiffs' motion for attorney fees and costs.

First, the Tenth Circuit affirmed this court's decision to deny plaintiffs' motion to remand the case to state court. This court had previously concluded that the procedural defects plaintiffs alleged in their motion for remand lacked merit. While plaintiffs challenged the removal because defendant Athar had not consented to the removal, the Tenth Circuit agreed with this court that under 28 U.C. § 1446(b)(2)(A), Athar's consent was unnecessary because he was unserved at the time of removal. The Tenth Circuit also held that Option One Mortgage had cured any defects from its initial notice of removal, rejecting plaintiffs' argument for remand on those grounds.

Second, while the Tenth Circuit did remand the breach of contract claim between plaintiffs and defendant Khanal, it stated that defendants properly removed the other claims. The Tenth Circuit remanded the Khanal contract claim because, while this case was on appeal, the Second Circuit reversed the dismissal of another breach of contract claim in related litigation and remanded the contract claim to the Eastern District of New York. *Sheldon v. Khanal*, 296 F. App'x 737, 740 (2d Cir. 2010). Therefore, the doctrine of res judicata does not apply to the merits of this claim. *See, e.g., Sage Realty Corp. v. Proskauer Rose LLP*, 251 A.D.2d 35, 39 (N.Y. App. Div. 1998) (holding that the preclusive effect does not apply after a decision is reversed). After the Second Circuit remanded the claim, the Eastern District dismissed it for lack of subject matter jurisdiction. *Sheldon v. Khanal*, No.

08-cv-3676, 2011 WL 3876970, at *9−10 (E.D.N.Y. Aug. 31, 2011). The Tenth Circuit instructed this court to modify its judgment and remand the contract claim against Khanal to the Kansas state court. The remand of a single claim does not render the removal of the remaining claims improper. *See Exxon Mobile Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 563 (2004) (stating that a district court has original jurisdiction of a civil action for purposes of removal as long as it has jurisdiction over a subset of the claims).

Third, plaintiffs failed to apply the "objectively reasonable basis" standard to the removal in this case. While plaintiffs do cite to *Martin*, they appear to be attempting to reassert their initial claims against defendants, rather than addressing the issue of removal. Plaintiffs list assertions in relation to their breach of contract claim against defendant Khanal, but do not provide any connection between those assertions and a reason why the defendants removed the case improperly.

For all of these reasons, the court denies plaintiffs' request for fees and costs.

**IT IS THEREFORE ORDERED** that plaintiffs' Motion for Attorney Fees and Costs (Doc. 53) is denied.

**IT IS FURTHER ORDERED** that plaintiffs' breach of contract claim against Tara Khanal is remanded to the District Court of Johnson County, Kansas.

Dated this  30th  day of January, 2013, at Kansas City, Kansas.

   s/ Carlos Murguia_____
**CARLOS MURGUIA**
**United States District Judge**